```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/23/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTIAN SANCHEZ, on behalf of himself and
all others similarly situated,

                           Plaintiff,

          -against-

LOVELY SKIN, INC,

                           Defendant
------------------------------------------------------------X

Case No 21-cv-00929-MKV

**CONSENT DECREE**

This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between the following parties Plaintiff Christian Sanchez ("Plaintiff") and Defendant Lovely Skin, Inc ("Defendant") Plaintiff and Defendant are collectively referred to as the "Parties" for the purposes and on the terms specified herein

### RECITALS

1      Title III of the Americans with Disabilities Act of 1990, 42 U S C §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C F R pt 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation 42 U S C § 12182(a), 28 C F R § 36 201(a)

2      On or about December 2, 2020, Plaintiff filed the above-captioned action in the United States District Court for the Southern District of New York (the "Action") Plaintiff alleges that Defendant's websites and mobile applications (together, the "Websites") are not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law (the "NYSHRL"), the New York

State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law (the "NYCHRL")

3       Defendant expressly denies that the Websites violate any federal, state or local law, including the ADA, the NYSHRL, the NYSCRL, and the NYCHRL, that this Court is a proper venue, and any other wrongdoing or liability whatsoever By entry into this Consent Decree, Defendant does not admit any wrongdoing

4       This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action

5       This Consent Decree is entered into by Plaintiff, individually, but is intended by the parties to inure to the benefit of vision impaired individuals

## JURISDICTION

6       Plaintiff alleges that Defendant is a private entity that owns and/or operates the Websites which are available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology Plaintiff contends that the Websites are a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA 42 U S C §12181(7), 12182(a) Defendant denies that the Websites are a public accommodation or that they are a place of public accommodation or otherwise subject to Title III of the ADA, the NYSHRL, the NYSCRL and/or NYCHRL

7       This Court has jurisdiction over the Action under 28 U S C § 1331 and 42 U S C § 12188 The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate

## AGREED RESOLUTION

8    Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint In resolution of this Action, the Parties hereby agree to the following

## DEFINITIONS

9    Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court

10    Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 14 through 17 of this Consent Decree Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on the Websites of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Websites - as though the Websites were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Websites - or the primary functions related thereto, or which could result in a loss of revenue or traffic on their website-related operations

## TERM

11    The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of (1) 36 months from the Effective Date, or (b) the date, if any,

3

that the United States Department of Justice adopts regulations for websites under Title III of the ADA

## GENERAL NONDISCRIMINATION REQUIREMENTS

12  Pursuant to the terms of this Consent Decree, Defendant

a  shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Websites as set forth herein  42 U S C §12182(b)(1)(A)(i), 28 C F R § 36 202(a),

b  shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Websites as set forth herein  42 U S C § 12182(b)(2)(A)(ii), 28 C F R § 36 202(b), and

c  shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Websites as set forth herein  42 U S C § 12182(b)(2)(A)(iii), 28 C F R § 36 303

## COMPLIANCE WITH TITLE III OF THE ADA

13  Web Accessibility Conformance Timeline  Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Websites (including all pages therein), including websites (including all pages therein and linked to therefrom) that can be navigated to from the Websites or which when entered reroute to the Websites (collectively the "Websites"), according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department

4

of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein

   a  Within 18 months of the Effective Date, to the extent not already done, Defendant shall modify the Websites as needed to substantially conform to the Web Content Accessibility Guidelines 2 0 and/or Web Content Accessibility Guidelines 2 1 Level A Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed to be applicable, in such a manner so that the Websites will be accessible to persons with vision disabilities

   b  The Parties acknowledge that Defendant's obligations under this Consent Decree do not include (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or websites that Defendant does not own, operate, prepare or control but that are linked from the Websites (including, but not limited to, any content/websites hosted by third parties and implemented on the Websites), and (ii) the provision of narrative description for videos  The Parties also agree that if the U S  Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the remediation efforts described above

   c  In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1 0, the Authoring Tool Accessibility Guidelines ("ATAG") 2 0, the Guidance on Applying WCAG 2 1 to Non-Web Information and Communications Technologies ("WCAG2 1ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"), as well as other guidance

published by the W3C's Mobile Accessibility Task Force, the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1 0 ('BBCMASG 1 0") or any combination thereof If Defendant, in reasonably relying upon any of the foregoing, and despite having used Reasonable Efforts, fails to achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Websites

## PROCEDURES IN THE EVENT OF DISPUTES

14   The procedures set forth in Paragraphs 15 through 17 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant concludes that it cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted

15   If any of the Parties claim this Consent Decree or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach The alleged breaching party must respond to such written notice of breach no later than 30 calendar days thereafter (the "Cure Period"), unless the parties agree to extend the time for response If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Consent Decree may seek enforcement of compliance with this Consent

Decree from the Court  The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action

16  Defendant shall not be in breach of this Consent Decree unless  (a) an independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers)  Internet Explorer, Firefox, Safari and Chrome, and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than 120 days from receipt of the accessibility consultant's opinion  If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than 120 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Consent Decree or their respective counsel  If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item

17  Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows

    For PLAINTIFF  Joseph H  Mizrahi
              COHEN & MIZRAHI LLP
              300 Cadman Plaza West, 12th Floor
              Brooklyn, New York 11201
              joseph@cml legal
              Tel  929 575 4175

    For DEFENDANT  Peter T  Shapiro, Esq
              LEWIS BRISBOIS BISGAARD & SMITH LLP

77 Water Street, Suite 2100
New York, NY 10005
Tel 212-232-1322
Email Peter.Shapiro@lewisbrisbois.com

### ENFORCEMENT AND OTHER PROVISIONS

18  The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York

19  If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law

### PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

20  The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Websites, which disabled persons shall constitute third-party beneficiaries to this Consent Decree, but it does not bind non-parties

21  The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree

### CONSENT DECREE HAS BEEN READ

22  This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties  This Consent Decree is signed freely by each party executing it  The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree

Dated   4-19-2021

Dated   4/20/20

APPROVED AS TO FORM AND CONTENT

Dated   4-19-2021

Dated   4/20/20

PLAINTIFF  *[signature]*

DEFENDANT

By *[signature]*

Joel Schlesinger, MD

Title  CEO

PLAINTIFF'S LAWYERS

By *[signature]*

Joseph H Mizrahi
COHEN & MIZRAHI LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
joseph@cml legal
Tel 929 575 4175

DEFENDANT'S LAWYERS

By /s/ Peter T Shapiro

Peter T Shapiro, Esq
LEWIS BRISBOIS BISGAARD &
SMITH LLP
77 Water Street, Suite 2100
New York, NY 10005
212-232-1322
Peter Shapiro@lewisbrisbois com

9

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS

1) This Court has jurisdiction over the Action under 28 U S C § 1331 and 42 U S C § 12188,

2) The provisions of this Consent Decree shall be binding upon the Parties,

3) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant,

4) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court

SO ORDERED

*Mary Kay Vyskocil*
USDJ

Hon. Mary Kay Vyskocil
Dated: July 23, 2021
New York, NY